UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

DIANE BARTON, on behalf of herself and
others similarly situated,

Plaintiff,

v.

TEMESCAL WELLNESS, LLC
Defendant.

Civil Action No.: 4:20-cv-40114

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1.     In her two count Complaint, Diane Barton alleges that "[t]his case involves a campaign by Temescal Wellness, LLC [] to market its services through the use of automated telemarketing calls in plain violation of the Telephone Consumer Protection Act."  Compl., ¶ 5.

2.     Barton buries what should be the lead in her story—she only "received at least two telemarketing text messages." Compl., ¶ 24. Her Complaint includes no allegation she actually received a "call" on her "telephone."

3.     This Court should dismiss Barton's Complaint.  She has not stated a claim in Count I, violation of the TCPA's Robocall prohibition, or in Count II, Violation of the TCPA's Do Not Call prohibition.

4.     Count I is deficient because the Complaint includes only a single allegation regarding Temescal's use of an automatic telephone dialing system ("ATDS").  Use of an ATDS is essential to stating a TCPA claim, so Plaintiff's allegations are insufficient to sustain Count I. Plaintiff nearly mimics the elements of a cause of action under the TCPA, and fails to allege with the requisite particularity that Temescal made any alleged telephone calls using an ATDS and instead uses generic terminology that does not rise to the level necessary to sustain a claim under

the TCPA. Further, the TCPA applies to phone calls, not text messages, and Plaintiff has not alleged that she received any calls. For these reasons, Count I is deficient.

5.      Count II is deficient because Barton has alleged that she received text messages on a cell phone.  These allegations are insufficient to demonstrate that Plaintiff received telephone solicitations on a residential line, as is required to state a claim under the TCPA's Do Not Call prohibition.

6.      Temescal, through counsel, has conferred with Plaintiff and attempted in good faith to resolve or narrow the issues presented by this Motion.  L.R. 7.1(a)(2).  Temescal files its memorandum of reasons why the Court should grant the within Motion contemporaneously with the filing of this Motion.  L.R. 7.1(b)(2).

## REQUEST FOR ORAL ARGUMENT

7.      Oral argument is requested, pursuant to L.R. 7.1(d) on the within Motion to Dismiss.

WHEREFORE, Temescal respectfully requests that this Honorable Court:

A.      Dismiss Count I (Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Robocall Class); and

B.      Dismiss Count II (Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the National Do Not Call Registry Class); and

C.      Grant such other and further relief as is just and equitable.

Respectfully submitted,

**TEMESCAL WELLNESS, LLC**

By its attorneys,

DEVINE MILLIMET & BRANCH, P.A.

By:   /s/ Ashley R. Theodore
          Ashley R. Theodore (BBO# 695598)
          111 Amherst Street
          Manchester, NH 03101
          (603) 695-8720
          atheodore@devinemillimet.com

September 29, 2020

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Fed. R. Civ. P 5(d)(1)(B) and L.R. 5.2(a) a copy of the foregoing has been served on Anthony Paronich, counsel for Plaintiff Diane Barton.

September 29, 2020          /s/ Ashley R. Theodore
                           Ashley R. Theodore