UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE BARTON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEMESCAL WELLNESS, LLC<br>Defendant. | Civil Action No.: 4:20-cv-40114 |

## DEFENDANT'S MOTION TO RECONSIDER THE COURT'S MARCH 8, 2021 ORDER IN LIGHT OF NEW AUTHORITY

Congress passed the Telephone Consumer Protection Act ("TCPA") before text messaging was invented.  Nevertheless, the Federal Communications Commission ("FCC") —the agency tasked with implementing the TCPA— decided that the statute "encompasses both voice calls and text calls." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 269 (2003).  By this Motion, Temescal Wellness, LLC ("Temescal") asks this Court to reconsider its March 8, 2021 decision in which it adopted the FCC's interpretation of the TCPA.

## INTRODUCTION

The Court previously denied Temescal's Motion to Dismiss for failure to state a claim on all grounds, including that "[t]he overwhelming weight of precedent holds that text messages are calls for the purposes of the TCPA." *See* Doc. No. 20.  Since that order, however, the legal landscape has changed.

In *Facebook, Inc. v. Duguid*, 592 U.S. ___, 2021 U.S. LEXIS 1742, *7, n. 2, (2021), eight justices joined Justice Sotomayor's majority opinion, which included this footnote: "Neither party

disputes the TCPA's prohibition [] extends to sending unsolicited text messages. See *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).  We therefore assume that it does without considering or resolving the issue."

With this footnote, the Supreme Court clarified that Justice Ginsberg's footnote in *Campbell-Ewald* was dicta, not binding law.  This Court relied primarily on *Campbell-Ewald* and cases that cited *Campell-Ewald* when it denied Temescal's motion, so this Court should now reconsider that denial. Fed. R. Civ. P. 60(b)(2); 60(b)(6); *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 446 (9th Cir. 2019). This Court should conclude that the FCC exceeded its regulatory authority by conflating text messages and phone calls in the 2003 order, and dismiss Barton's complaint.

## JURISDICTION

This is an action in which Barton alleges Temescal, a Delaware entity formed in 2015, violated a 2003 FCC order. This Court has jurisdiction to consider Temescal's argument that the FCC exceeded its regulatory authority in the 2003 order. 5 USC § 703; *PDR Network, LLC v. Carlton & Harris, Chiropractic, Inc.*, 588 U.S. __, 2019 U.S. LEXIS 4181, *11 (2019); *id.*, at 2056(Thomas, J., concurring); *Cf. Gorss Motels, Inc. v. Safemark Systems, LP*, 931 F.3d 1094, 1111 (11th Cir. 2019)(suggesting that the circuit's Hobbs Act precedents should be overruled because they "task *all* persons with both the foreknowledge—some would say the clairvoyance—to identify any agency orders that *might* concern them in future litigation and the resources to begin an immediate challenge against each of those orders.")(Pryor, J., concurring)(emphasis in original).

## STATUTORY AND REGULATORY BACKGROUND

"The TCPA was enacted in 1991, shortly before the advent of text messaging." *Barton v. Temescal Wellness, LLC*, __F.3d__, 2021 U.S. LEXIS 42211, *4 (D. Mass. 2021). The statute imposes multiple obligations on companies, including complying with the federal do-not-call rule. The TCPA's do-not-call prohibition allows "[a] person who has received more than one telephone call within any 12 month period…in violation of the [applicable] regulations" to bring an action for certain types of relief.  47 USC § 227(c)(5).  One applicable regulation forbids calling "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations."  47 CFR § 64.1200(c). The FCC promulgated its do-not-call regulations according to Congress's instruction to "initiate a rulemaking proceeding concerning the need to protect residential subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 USC § 227(c)(1).

As part of the administrative proceeding, the FCC concluded that text messages are the same as phone calls for purposes of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 269 (2003).

## ARGUMENT

### I.    Telephone Calls Are Not Text Messages Under Normal Statutory Construction Principles

""When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions.'" *City of Arlington v. FCC*, 569 U.S. 290, 295 (2013) (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984)).  First, the reviewing court asks if Congress has addressed the question at issue. *City of Arlington*, 569 U.S. at 296.  Second, if Congress has not addressed the issue, the reviewing court asks if the agency has construed the relevant statute reasonably. *Id*.

3

In practice, the *Chevron* two-step process means, "ambiguities in statutes within an agency's jurisdiction to administer are delegations of authority to the agency to fill the statutory gap in reasonable fashion." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005). In the current case, this Court must apply the *Chevron* framework to the TCPA, to determine whether the FCC followed Congress's instruction to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 USC § 227(c)(1).   Telephone solicitation "means the initiation of a telephone call or message for the purpose of encouraging the" recipient to spend money. *Id*., at (a)(1).

In answering this question, the Court should not pass *Chevron*'s first step, which may be cleared "only when that legal toolkit is empty and the interpretive question still has no single right answer." *Kisor v. Wilkie*, 588 U.S.__, 2019 U.S. LEXIS 4397, *26 (2019).  "A fundamental cannon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979).[1]

"It is clear that Congress did not address, or even intend to address, the treatment of text messages when considering and passing the TCPA." *Keating v. Peterson's Nelnet, LLC*, 615 Fed. Appx. 365, 370 (6th Cir. 2015).  Indeed, text messages did not exist when Congress passed the TCPA, so the statute's "ordinary meaning at the time Congress adopted [it]" could not have covered text messages. *Niz-Chavez v. Garland*, 593 U.S. __, 2021 U.S. LEXIS 2232, *10 (2021)(citing *Wisconsin Central Ltd. v. United States*, 585 U.S.__, (2018))

---

[1] Justice Scalia's fixed-meaning canon supports this conclusion: "Although courts routinely apply legal instruments to novel situations over time, their meaning remains fixed."  Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 78 (Thomas/West 1st ed. 2012)

The FCC's 2003 order also fails *Chevron*'s second step.  This Court should not read §
227(c)(5) in insolation because interpreting Congress's words "is a holistic endeavor." *United Sav.
Ass'n of Text. V. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371 (1988). In some parts of §
227, Congress used the phrase "text message."   In § 227(e)(8)(c), for example, Congress
specifically uses the phrase "text message," but in section (c)(5) Congress did not.

This Court should assume Congress intentionally and purposely choose to use specific
wording in its legislative drafting of the TCPA.  *See, e.g., Dean v. United* States, 556 U.S. 568,
573 (2009) ("where Congress includes particular language in one section but omits it in another
section of the same Act, it is generally presumed that Congress acts intentionally and purposely in
the disparate inclusion or exclusion."); *cf., e.g., Brown v. Gardner*, 513 U.S. 115, 118 (1994)
("Where Congress intends to refer to [a legal term]… it knows how to do so.").  If Congress had
intended to give the FCC the regulatory latitude to construe "telephone solicitations" to include
"text message", it could have explicitly done so.[2]  However, Congress's intentional exclusion of
"text messages" from the TCPA's do-not-call prohibition and its deliberate usage of "text
message" in other parts of the same statute establish that the FCC exceeded the regulatory authority
Congress gave it.

Barton's Amended Complaint survives only if the FCC's 2003 order was a reasonable
construction of Congress's instructions, which it was not. As a result, the Amended Complaint
should be dismissed.

---

[2] Justice Scalia's "Presumption of Consistent Usage" canon supports this conclusion: "where the document has used
one term in one place, and a materially different term in another, the presumption is that the different term connotes
a different idea." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 170
(Thomas/West 1st ed. 2012)

Plaintiff's counsel does not assent to the relief sought.  L.R. 7.1(a)(2). Due to the discrete nature of the legal issue presented by the within Motion, Temescal has not provided a separate memorandum of reasons.  L.R. 7.1(b)(1).

WHEREFORE, Temescal Wellness, LLC respectfully requests that this Honorable Court:

A.      Grant this Motion to Reconsider;

B.      Dismiss Barton's Amended Complaint; and

C.      Grant such other and further relief as may be just and appropriate.

Respectfully submitted,

**TEMESCAL WELLNESS, LLC**

By its attorneys,

DEVINE MILLIMET & BRANCH, P.A.

May 14, 2021                              By:     /s/ Ashley R. Theodore

Ashley R. Theodore (BBO# 695598)
111 Amherst Street
Manchester, NH 03101
(603) 695-8720
atheodore@devinemillimet.com

## **LOCAL RULE 7.1 CERTIFICATION**

I, Ashley R. Theodore, hereby certify pursuant to Rule 7.1 that on May 6, 2021, I conferred in good faith with Anthony Paronich, counsel for Plaintiff Diane Barton, in order to resolve or narrow the issues presented in the above motion.


May 14, 2021                                    /s/ Ashley R. Theodore
                                                Ashley R. Theodore




## **CERTIFICATE OF SERVICE**

I hereby certify that pursuant to Fed. R. Civ. P 5(d)(1)(B) and L.R. 5.2(a) a copy of the foregoing has been served on Anthony Paronich, counsel for Plaintiff Diane Barton.


May 14, 2021                                    /s/ Ashley R. Theodore
                                                Ashley R. Theodore