## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE BARTON, on behalf of herself and others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) TEMESCAL WELLNESS, LLC, ) ) Defendant. ) | CIVIL ACTION NO. 20-40114-TSH |

### ORDER ON MOTION FOR RECONSIDERATION (Docket No. 26)

**May 26, 2021**

**HILLMAN, D.J.,**

This is a Telephone Consumer Protection Act ("TCPA") class action concerning text messages allegedly sent by or on behalf of Temescal Wellness, LLC ("Defendant") to cell phones registered to Plaintiff and the putative class members, who had previously registered their cell phone numbers on the National Do Not Call Registry.

On March 8, 2021, I denied Defendant's motion to dismiss, finding that "the overwhelming weight of precedent holds that text messages are calls for the purposes of the TCPA" and that Plaintiff had sufficiently pled that the robotexts at issue are calls within the meaning of the TCPA, which makes is unlawful "for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." Docket No. 20 at 4; 47 U.S.C. § 227(b)(1)(A)(ii). Defendant has asked me to reconsider my prior

1

ruling in light of the Supreme Court's April 1, 2021 decision in *Facebook v. Daguid*. 141 S. Ct. 1163 (Apr. 1, 2021).

I have reviewed *Daguid*, in which the Supreme Court held that a device must have the capacity either to either store a telephone number using a random sequential generator, or to produce a telephone number using a random or sequential number generator. *Id*. at 1164. There was no extended discussion of whether the TCPA regulates text messages, even though the entire case was premised on whether text messages sent by Facebook to its users violated the TCPA. Justice Sotomayor, writing for the majority, merely observed in a footnote that because "[n]either party disputes that the TCPA's prohibition also extends to sending unsolicited text messages. *See Campbell-Ewald v. Gomez*, 577 U.S. 153, 156, 136 S.Ct. 663, 193 F.ed.2d 571 (2016). We therefore assume that it does without considering or resolving that issue." *Id*. at 1168, n. 2.

As I discussed in my prior order, the First Circuit, whose opinions bind this Court, has already determined that Justice Ginsburg's remarks in *Campbell-Ewald* mean that "[t]he TCPA also applies to other forms of communications, *such as text messages*." *Breda v. Cellco Partnership*, 934 F.3d 1, n. 1 (1st Cir. 2019) (emphasis added). *Duguid* did no more than reinforce *Campell-Ewald*, and therefore does not supersede the First Circuit's interpretation in *Breda*. Absent any new, contradictory authority from the Supreme Court, I adopt the First Circuit's reasoning and reiterate my prior ruling that text messages fall within the ambit of the TCPA.

Defendant's motion for reconsideration (Docket No. 26) is denied.


**SO ORDERED.**

                                            /S/ TIMOTHY HILLMAN
                                           **TIMOTHY S. HILLMAN**
                                           **DISTRICT JUDGE**