## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DIANE BARTON on behalf of herself
and others similarly situated,

    Plaintiff,

v.

TEMESCAL WELLNESS, LLC

    Defendant.

Case No. 4:20-cv-40114

## JOINT STATEMENT

Plaintiff Diane Barton ("Plaintiff") and defendant Temescal Wellness, LLC ("Temescal Wellness" or "Defendant") (collectively, the "Parties"), through their undersigned counsel, submit this Joint Statement pursuant to Fed. R. Civ. P. 16(b) and 26(f) of and Local Rule 16.1.

### I.  FED. R. CIV. P. 26(F) REPORT

    **A.**    **Nature and Basis of Claims**

        1.    <u>Plaintiff's Statement</u>

The Plaintiff Diane Barton has never consented to receive solicitations related to the Defendant Temescal Wellness's goods or services. *See* ECF No. 9 at ¶ 37. Despite that fact, she received several telemarketing text messages from Temescal Wellness on December 20, 2019 and January 23, 2020. *Id.* at ¶ 24.

The Defendant promotes its business and solicits individuals through this medium, as it did with the Plaintiff. One example of such a text message is:



*Id.* at ¶ 25. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of the following proposed nationwide class:

> **National Do Not Call Registry Class**: All persons in the United States whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone solicitation telemarketing call from or on behalf of Temescal Wellness with a 12-month period, from four years prior the filing of the Complaint.

*Id.* at ¶ 42.

    2.    <u>Defendant's Statement</u>

Ms. Barton opted-in to receive text messages from Temescal Wellness on November 15, 2019.

Ms. Barton opted-out of receiving text messages from Temescal Wellness on January 23, 2020.

### B. Possibilities of Settling or Resolving the Case

Pursuant to Local Rule 16(c), Plaintiff made a settlement demand to Defendant on June 2, 2021.

### C. Proposed Discovery Plan

1. <u>Proposed Discovery Plan</u>

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support her anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on their behalf, (1) ESI regarding the text messages placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who sent text messages for the Defendant; (3) ESI related to any purported consent to receive text messages; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

The Defendant will seek all text messages and communications the Plaintiff may have received from the Defendant.

<u>Electronically Stored Information</u>

The Parties expect much discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. The Plaintiff has given the Defendant his electronic production preservation and the parties continue to confer on the issue. To the extent any issues regarding the format for

electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

2. <u>Privilege and Preservation</u>

The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures, and are attaching a proposed Protective Order for the Court's consideration. The Parties have taken the appropriate steps to preserve discoverable information, including ESI. The Parties are also submitting a proposed ESI Order.

3. <u>Limitations on Discovery</u>

The Parties do not anticipate any changes to the limitations set forth in the Rules.

4. <u>Additional Orders</u>

The Parties have agreed to service of discovery requests and responses via electronic mail, subject to the timing provisions of Fed. R. Civ. P. 6(d).

**D. Consent to Magistrate**

The parties do not consent to proceeding before a magistrate judge.

**II. PROPOSED PRETRIAL SCHEDULE**

| EVENT | PARTIES' PROPOSAL |
|---|---|
| Initial Disclosures | July 15, 2021 |
| Deadline to Amend Pleadings | September 2, 2021 |

| | |
|---|---|
| Fact Discovery Deadline | November 22, 2021 |
| Expert Reports | December 13, 2021 |
| Expert Deposition Deadline | January 21, 2022 |
| Summary Judgment filing deadline | By January 28, 2022 |
| Class Certification filing deadline | By January 28, 2022 |
| Status Conference post MSJ and Class Certification | TBD |
| Trial | TBD |

PLAINTIFF,
By her attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Defendant

/s/ Ashley Theodore
Ashley Theodore
Devine Millimet
111 Amherst Street
Manchester, NH 03101
(603)-669-1000
atheodore@devinemillimet.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich